☐ **AMENDED**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

In re: **Hazel Cannon**                                      Case No. 19-23431

Debtors:                                                     Chapter 13

## CHAPTER 13 PLAN

**ADDRESS:** (1) 4110 Ridge Drive Apt 161           (2)
              Memphis, TN 38115

**PLAN PAYMENT:**
**Debtor(1)** shall pay $ 200.00          (☐ weekly, ☐ every two weeks, ☐ semi-monthly, or ■ monthly, by:
☐ **PAYROLL DEDUCTION** From:                      **OR ( X ) DIRECT PAY**

**Debtor(2)** shall pay $                          (☐ weekly, ☐ every two weeks, ☐ semi-monthly, or ☐ monthly, by:
☐ **PAYROLL DEDUCTION** From:                      **OR (   ) DIRECT PAY**

**1. THIS PLAN [Rule 3015.1 Notice]:**

    (A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19]      ☐ YES    ■ NO
    (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION      ■ YES    ☐ NO
        OF THE COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]
    (C) AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12].    ☐ YES    ■ NO

**2. ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

**3. AUTO INSURANCE:** ☐ Included in Plan; **OR** ■ Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

**4. DOMESTIC SUPPORT:**                                                            Monthly Plan Payment:

|        | Paid by: ☐ Debtor(s) directly ☐ Wage Assignment, **OR** ☐ Trustee to: | |
|--------|---|---|
| None   | ongoing payment begins                                              | $ |
|        | Approximate arrearage:                                              |   |

**5. PRIORITY CLAIMS:**

| -NONE- | Amount | $ |

**6. HOME MORTGAGE CLAIMS:** ☐ Paid directly by Debtor(s); **OR** ☐ Paid by Trustee to:

| None | ongoing payment begins |           | $ |
|------|------------------------|-----------|---|
|      | Approximate arrearage: | Interest  | $ |

**7. SECURED CLAIMS:**

[Retain lien 11 U.S.C. §1325 (a)(5)]    Value of Collateral:    Rate of Interest    Monthly Plan Payment:

**8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**

[Retain lien 11 U.S.C. §1325 (a)]       Value of Collateral:    Rate of Interest    Monthly Plan Payment:
**Titlemax**                            **1,500.00**            **0.00**            $**150.00**

**9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**

-NONE-    Collateral:

**10. SPECIAL CLASS UNSECURED CLAIMS:**

| | Amount: | Rate of Interest | Monthly Plan Payment: |
|---|---|---|---|
| -NONE- | | | $ |

**11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**

None    ☐ Not provided for  **OR**  ☐ General unsecured creditor

**12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**

-NONE-

**13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

**14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: $9,613.00**

**15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

☐ _____ %, OR,
■ THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

**16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**

None    ☐ Assumes  **OR**  ☐ Rejects.

**17. COMPLETION:** Plan shall be completed upon payment of the above, approximately **60** months.

**18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

**19. NON-STANDARD PROVISION(S):**

ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.

**20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**

/s/ Ted I. Jones    Date May 16, 2019 .
**Ted I. Jones**
**Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)**